UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO: 22-80 |
| MARSHALL GRACE | SECTION: "A" (4) |

## ORDER AND REASONS

The following motion is before the Court: **Motion for Disclosure of Jury-Selection Information Pursuant to 28 U.S.C. § 1867(f) (Rec. Doc. 105)** filed by the defendant, Marshall Grace. The motion is opposed in part. The motion, filed on August 30, 2023, is before the Court on the briefs without oral argument.

The defendant has moved for an order directing the Clerk to disclose jury-selection information as required by the Jury Selection and Service Act of 1968 ("JSSA"), 28 U.S.C. § 1861 *et seq*. The defendant requests that the information be produced electronically and contain the materials described in the motion's attachment, including statistical and demographic analyses; the date on which the Master Jury Wheel will be used to summon jurors; the date on which the jurors will be summoned; juror-specific data from the Master Jury Wheel, including juror number, race, gender, Hispanic ethnicity, year of birth, zip code, city, and parish; and similar information from the Qualified Jury Wheel. The defendant's attachment makes clear that only juror number shall be produced—not name or address—for persons that will be selected as potential jurors.

In response, the United States agrees that the defendant is entitled to an effectively unqualified right to certain records and papers used by the Clerk. However, the United States

opposes this motion as it relates to identifying information of jurors who have served, are serving, or could serve on juries. Instead, the United States requests that any personally identifying information, such as the potential jurors' names, addresses, and dates of birth, be redacted. The United States also challenges the request for juror qualification forms. Put simply, the United States does not contest requests 1-8 in the attachment to the motion but does oppose requests 9-11. (Rec. Doc. 105-2).

      The JSSA provides litigants the "right to grand and petit juries selected at random from a fair cross section of the community in the district or division wherein the court convenes." 28 U.S.C. § 1861. It further lays out the procedure for challenging compliance with selection procedures. 28 U.S.C. § 1867. A defendant may move to dismiss an indictment or stay proceedings on the ground of substantial failure to comply with the provisions governing jury selection. 28 U.S.C. § 1867(a). Parties have the right "to inspect, reproduce, and copy such records or papers at all reasonable times during the preparation and pendency of such a motion." 28 U.S.C. § 1867(f). The Supreme Court has noted that "[t]his provision makes clear that a litigant has essentially an unqualified right to inspect jury lists." *Test v. United States*, 420 U.S. 28, 30 (1975) (per curiam). Further, "without inspection, a party almost invariably would be unable to determine whether he has a potentially meritorious jury challenge." *Id.*

      The defendant points out that similar motions have been granted in the Eastern District in recent years. Indeed, the defendants in these other cases requested substantially similar selection criteria and information. In each of these cases, the motion was granted, but the information was subject to redactions and limitations.[1] Following this precedent, this Court finds that the

---

[1] Specifically, Judge Ashe, in *United States v. Age*, ordered that the "Clerk of Court shall redact any and all personal identifiers from all documents or reports made available for inspection, including, but not limited to, personal identifiers such as name, street address, juror identification number, month and day of birth, occupation, and voting status information." *United States v. Age*, No. 16-32 (E.D. La. Mar. 4, 2020) (ECF No. 384). The Court has since

defendant is entitled to the jury-selection information requested, subject to the redactions and limitations set forth in *Age*.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion for Disclosure of Jury-Selection Information (Rec. Doc. 105)** filed by the defendant, Marshall Grace, is **GRANTED**, subject to the restrictions described above. The Clerk shall produce in an electronic format the reports, documents, and data produced in the *Age* criminal action (No. 16-32, E.D. La. Mar. 4, 2020, ECF No. 384), subject to the same limitations, by **October 13, 2023**.

September 26, 2023

                                                               _____
                                                               JAY C. ZAINEY
                                                               UNITED STATES DISTRICT JUDGE

---

adopted this method. *United States v. Murray*, No. 19-118 (E.D. La. May 21, 2021); *United States v. Emilien*, No. 20-26 (E.D. La. May 20, 2021); *United States v. Richards*, No. 20-144 (E.D. La. Nov. 5, 2021). Additionally, the Court in *Age* did not permit production of juror qualification questionnaires on the grounds that the relevant demographic information was available from other jury materials, nor did it allow production of any documents concerning disqualified or exempted jurors. *Age*, No. 16-32 (E.D. La. Mar. 4, 2020) (ECF No. 384).