UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL ACTION NO. 22-80 |
| | * | |
| VERSUS | * | SECTION: "A"(4) |
| | * | |
| MARSHALL GRACE | * | JUDGE JAY C. ZAINEY |
| | * | |
| | * | MAGISTRATE JUDGE KAREN WELLS |
| | * | ROBY |
| | * | |

## ORDER AND REASONS

The following motion is before the Court: ***Foreclosed* Motion and Incorporated Memorandum to Suppress Physical Evidence Seized from Trunk of Vehicle (Rec. Doc. 139)** filed by Defendant, Marshall Grace. No opposition has been filed, but Grace recognizes that his argument is foreclosed by Fifth Circuit precedent. He has filed the motion to preserve the issue for challenge on appeal. For the reasons that follow, Grace's **Motion to Suppress** is **DENIED**.

On July 29, 2020, Marshall Grace was driving a 2005 white BMW on I-59 from Mississippi into Louisiana with his girlfriend, Ms. James, in the passenger seat. (Transcript of Motion Hearing Proceedings Before the Honorable Jay C. Zainey, April 19, 2023, at 6:24-7:7, 10:19-21). Louisiana State Police troopers—including Trooper Levy—pulled Grace over for committing traffic violations. (*Id.* at 7:8-10). Upon reaching the vehicle, Levy smelled marijuana emanating from the vehicle and, on that basis, searched the entire vehicle, including the trunk. (*Id.* 10:14-15, 30:13-31:7). He discovered a bag containing methamphetamine inside the left interior panel of the trunk and, upon conducting a search incident to arrest, recovered a bag of marijuana from Grace's person. (*Id.* at 31:3-7, 34:7-11).

Grace's Motion to Suppress advocates for and applies a test used in other circuits that considers the totality of the circumstances when analyzing the permissible scope of an

1

automobile search premised on smelling marijuana. However, as Grace has conceded to the Court, in the Fifth Circuit, "the detection of the odor of [marijuana] justifies 'a search of the entire vehicle,'" which includes the trunk and any closed containers in the car. *United States v. McSween*, 53 F.3d 684, 686-87 (5th Cir. 1995) (quoting *United States v. Reed*, 882 F.2d 147, 149 (5th Cir. 1989) (citations omitted)). Accordingly, the scent of marijuana provides probable cause to search the entire vehicle.

Here, Trooper Levy smelled marijuana from the vehicle, (Motion to Suppress Hearing Transcript, at 30:13-19), and body camera footage shows him telling Grace that he smelled marijuana. (Exhibit 2 to April 19, 2023, Suppression Hearing, at 0:00:10-0:00:18). Trooper Levy's testimony as to these facts has been accepted as credible. (Motion to Suppress Hearing Transcript, at 128:22-129:1, 133:21-134:4). After developing probable cause on these facts, Levy discovered the evidence sought to be suppressed. Under Fifth Circuit precedent, Levy had probable cause to search the entire vehicle, including the trunk and any containers, and any evidence found pursuant to that search is admissible. Therefore, there is no basis under the Fourth Amendment or Fifth Circuit precedent to suppress the evidence discovered in the trunk of the vehicle or on Grace's person.

Accordingly;

**IT IS ORDERED** that the **Motion to Suppress (Rec. Doc. 139)**, filed by Defendant, Marshall Grace, is **DENIED**.

July 11, 2024

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE