UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL ACTION NO. 22-80 |
| | * | |
| VERSUS | * | SECTION: "A"(4) |
| | * | |
| MARSHALL GRACE | * | JUDGE JAY C. ZAINEY |
| | * | |
| | * | MAGISTRATE JUDGE KAREN WELLS ROBY |
| | * | |

### ORDER AND REASONS

The following motion is before the Court: **Second Motion in Limine (Rec. Doc. 134)** filed by the Government. Defendant, Marshall Grace, opposes the motion. The Government's **Motion in Limine** is **GRANTED** to the extent described below.

On June 14, 2024, Defendant Marshall Grace was charged by a superseding indictment with Conspiracy to Distribute and Possess with Intent to Distribute Methamphetamine (500 grams or more) in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. He was charged in the same instrument with Possession with Intent to Distribute Methamphetamine (50 grams or more) in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). The Court has set the trial for the matter on August 12, 2024. The Government has moved to preclude the defense from bringing evidence on various topics.

1. *Evidence Relating to Punishment or Hardship*

First, the Government asserts that evidence and argument related to possible punishment or hardship the defendant will face if convicted should be excluded. Defense counsel has stated that no such evidence will be introduced, nor any argument raised on this basis. Accordingly, this portion of the Motion in Limine is **GRANTED AS MOOT**.

2. *Testimony Regarding Grace's Hearsay Statements to Witnesses or Third Parties*

1

The Government next moves that Grace not elicit testimony regarding his own hearsay statements to witnesses or third parties. In response, Grace argues that the Government has not cited any specific out-of-court statements, and he therefore requests that the Court defer decision until trial, as some statements may qualify under a hearsay exclusion or exception. To the extent that statements sought to be admitted are inadmissible hearsay, they will not be admitted. *See* FED. R. EVID. 802; *Williamson v. United States*, 512 U.S. 594, 598-600 (1994) (finding that while some out-of-court statements are less subject to hearsay dangers and therefore excepted, "[s]elf-exculpatory statements are exactly the ones which people are most likely to make even when they are false"). However, Grace is entitled to introduce statements which fall within settled hearsay exclusions and exceptions. Accordingly, this portion of the Motion in Limine is **GRANTED** to the extent Grace seeks to admit statements that are inadmissible hearsay.

   *3. Interview Reports Prepared by Law Enforcement Agents*

The Government moves that Grace be precluded from using interview reports prepared by law enforcement agents to impeach witnesses, arguing that the reports are not the statements of the witness, but rather a summarized version of their statements crafted by the interviewing officer. To the extent that the Government seeks to preclude Grace from using police-prepared summaries in the reports to impeach these witnesses, the Court agrees, as those statements are not directly attributable to the witness. *See Palermo v. U.S.*, 360 U.S. 343, 350 (1959) ("[It would] be grossly unfair to allow the defense to use statements to impeach a witness which could not fairly be said to be the witness' own rather than the product of the investigator's selections, interpretations, and interpolations."). However, to the extent that an officer makes a statement on the basis of his observations which is contradicted in the report created by that officer, the report may be used to impeach the officer as a prior inconsistent statement. Further, where the

statement sought to be admitted is the witness's direct or verbatim statement, the defense may use that statement to impeach that witness, even if it is contained in a police report. *See id.* at 349, 352. Accordingly, this portion of the Motion in Limine is **GRANTED** to the extent described above.

   4. *Evidence Regarding Selective Prosecution*

The Government moves this Court to exclude any evidence or argument suggesting selective prosecution. The defense has stated that no such arguments will be raised. This portion of the Motion in Limine is **GRANTED AS MOOT**.

   5. *Evidence Regarding Witness's Criminal Charges*

Next, the Government moves this Court to exclude any evidence or statements regarding "the name of the offense and underlying facts of a witness's pending felony charges." (Rec. Doc. 134-1, at 9). Grace argues that such evidence is valuable in showing motivation or incentive to falsify testimony and general credibility.

The Court finds that the witness may be impeached by this evidence to show bias or lack of credibility. *See U.S. v. Landerman*, 109 F.3d 1053, 1063 (5th Cir. 1997) ("Counsel should be allowed great latitude in cross examining a witness regarding his motivation or incentive to falsify testimony, and this is especially so when cross examining an accomplice or person cooperating with the government." (citing *United States v. Hall*, 653 F.2d 1002, 1008 (5th Cir. 1981))). The defense may ask about the charge, such as the identity of the alleged criminal acts, but may not inquire about the specific facts of the underlying crime (for example, the manner in which the witness carried out the crime or the resulting impact to the victim). *See United States v. Skelton*, 514 F.3d 433, 433-34 (5th Cir. 2008) ("[T]he incidents inquired about must be relevant to the character traits at issue in the trial." (quoting *United States v. Nixon*, 777 F.2d

958, 970 (5th Cir. 1985))). The defense may also ask questions that may indicate bias. For example, Grace may ask about the status of the witness's case, when the trial date is set to take place, if at all, and whether the witness is expecting any benefit for testifying. However, no questions prompting speculation by the witness as to why his case has not yet been prosecuted may be asked. Accordingly, this portion of the Motion in Limine is **GRANTED** as described.

   6.  *Evidence Related to Publication of Discovery*

Finally, the Government moves that any evidence, statements, or arguments related to any witness making discovery available to non-law enforcement members of the public be excluded under Federal Rule of Evidence 403. Grace argues that evidence showing that the witness has a motive to provide false testimony is always relevant. The Court will allow wide latitude to the defense to cross-examine witnesses, but, once the door has been opened to these statements, the prosecution will also have an opportunity to question the witness regarding the statements. To the extent that the defense desires to use these statements to show this witness's bias or motive to provide false testimony, counsel shall approach the bench to discuss this issue with the Court before beginning the line of questions. Accordingly, this portion of the Motion in Limine is **GRANTED** as described.

Accordingly;

**IT IS ORDERED** that the **Motion in Limine (Rec. Doc. 134)**, filed by the Government is **GRANTED** to the extent described above.

July 12, 2024

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE