UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL ACTION NO. 22-80 |
| | * | |
| VERSUS | * | SECTION: "A"(4) |
| | * | |
| MARSHALL GRACE | * | JUDGE JAY C. ZAINEY |
| | * | |
| | * | MAGISTRATE JUDGE KAREN WELLS ROBY |
| | * | |

## ORDER AND REASONS

The following motion is before the Court: **Motion to Suppress (Rec. Doc. 200)** filed by Defendant, Marshall Grace. The Government opposes the motion. The motion, submitted for consideration on July 9, 2024, is before the Court on the briefs. For the reasons that follow, Grace's **Motion to Suppress** is **DENIED**.

On July 29, 2020, Marshall Grace was driving a 2005 white BMW on I-59 from Mississippi into Louisiana with his girlfriend, Ms. James, in the passenger seat. (Transcript of Motion Hearing Proceedings Before the Honorable Jay C. Zainey, April 19, 2023, Rec. Doc. 98, at 6:24-7:7, 10:19-21). Louisiana State Police troopers—including Trooper Levy—pulled Grace over for committing traffic violations. (*Id.* at 7:8-10). Upon reaching the vehicle, Levy smelled marijuana emanating from the vehicle and, on that basis, searched the entire vehicle, including the trunk. (*Id.* 10:14-15, 30:13-31:7). He discovered a bag containing methamphetamine inside the left interior panel of the trunk and, upon conducting a search incident to arrest, recovered a bag of marijuana from Grace's person. (*Id.* at 31:3-7, 34:7-11). Grace later made inculpatory statements to law enforcement officers. (*See id.* at 133:23-134:10).

On April 19, 2023, this Court conducted a hearing in response to Grace's first motion to suppress, in which he moved the Court to suppress his statements to law enforcement officers,

1

claiming that he was coerced in violation of his Fifth Amendment rights. (*See generally* Rec. Doc. 48). Grace later moved to suppress the evidence discovered during the traffic stop in a search of his automobile and a search incident to arrest, on the grounds that the law enforcement officers lacked probable cause to search the trunk of his vehicle.[1] (Rec. Doc. 139). Both motions were denied by the Court. (*See* Rec. Doc. 72 (denying motion to suppress premised on the Fifth Amendment); Rec. Doc. 202 (denying foreclosed motion to suppress)).

Grace now moves to suppress all evidence discovered as a consequence of the traffic stop, claiming that the law enforcement officers seized Grace in violation of his Fourth Amendment rights, rendering the evidence fruit of the poisonous tree. The Government opposes the motion, claiming that the officers witnessed Grace commit multiple traffic infractions, including remaining in the left lane for a considerable amount of time and improper lane usage. Although both previous motions to suppress were denied, should the Court find that the initial traffic stop violated the Fourth Amendment, all evidence found due to the stop may be excluded. *See United States v. Leon*, 468 U.S. 897, 906-07 (1984). Accordingly, the sole issue in this motion is whether the troopers initiated the traffic stop in compliance with the Fourth Amendment.

The Fourth Amendment protects individuals "against unreasonable searches and seizures." U.S. Const. amend. IV. Warrantless seizures are presumptively unreasonable unless circumstances permit the officer to seize the defendant, such as through reasonable suspicion or probable cause. *United States v. Lage*, 183 F.3d 374, 380 (5th Cir. 1999); *United States v. Roch*, 5 F.3d 894, 897 (5th Cir. 1993). Traffic stops are seizures under the Fourth Amendment. *United States v. Valdez*, 267 F.3d 395, 397 (5th Cir. 2001) (citing *Delaware v. Prouse*, 440 U.S. 648,

---

[1] Grace acknowledged that his position was foreclosed by Fifth Circuit precedent.

2

653 (1979)). To determine whether a traffic stop is permissible, courts apply the *Terry* standard, which requires an officer to have reasonable suspicion that criminal activity may be afoot. *Terry v. Ohio*, 392 U.S. 1, 30 (1968). For a *Terry* stop to be permissible, the stop must be justified at the time it is instigated, and it must be "reasonably related in scope to the circumstances which justified the interference in the first place." *Id.* at 19-20. Therefore, in the case of a traffic stop, there must be reasonable suspicion that illegal activity—a traffic violation—occurred or is about to occur. *United States v. Breeland*, 53 F.3d 100, 102 (5th Cir. 1995) (quoting *United States v. Tellez*, 11 F.3d 530, 532 (5th Cir. 1993)). Whether reasonable suspicion exists is "measured in light of the totality of the circumstances." *United States v. Rideau*, 969 F.2d 1572, 1574 (5th Cir. 1992) (en banc).

Here, law enforcement officers pulled Grace over for traffic violations. (Rec. Doc. 200-2, at 2). The officers had positioned themselves on I-59, anticipating that Grace would pass them on the highway, and planned to stop his vehicle if they witnessed a traffic violation. (Rec. Doc. 98, at 6:25-7:4). Officer Levy testified that Grace drove "in the left lane for an extended period of time," which is impermissible in Louisiana "unless you're planning on passing another vehicle." (*Id.* at 7:10-15). The officers did not observe vehicle traffic in the right lane during the time that Grace remained in the left lane. (*Id.* at 7:17-22). The officers also noted that Grace's vehicle was swerving, which constitutes an "improper lane use" violation. (*Id.* at 7:15-16). Accordingly, Levy pulled Grace's vehicle over. (*Id.* at 7:21-25).

The Court had the opportunity at the Motion to Suppress Hearing of April 19, 2023, to determine the credibility of the officers involved, and found their testimony to be credible. (*Id.* at 128:22-129:1, 133:21-134:4). The officers testified clearly that multiple traffic violations occurred. Based on the totality of the circumstances, and for the reasons expressed at the April

19 Motion to Suppress Hearing in support of the officers' credibility, this Court finds that the officers had reasonable suspicion that a traffic violation had occurred. Therefore, the stop was permissible under the Fourth Amendment, and Grace's motion must be denied.

Accordingly;

**IT IS ORDERED** that the **Motion to Suppress (Rec. Doc. 200)**, filed by Defendant, Marshall Grace, is **DENIED**.

July 18, 2024

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE